LENARD E. SCHWARTZER
2850 So. Jones Blvd., Ste. 1
Las Vegas, NV 89146
(702) 307-2022

Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL F. EGAN, III,<br><br>Debtor. | Case No.: BK-S-15-16493-ABL<br><br>Chapter 7<br><br>TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE OF CLAIMS OF THE BANKRUPTCY ESTATE AGAINST JEFFREY HERMAN<br><br>Date:  May 9, 2016<br>Time:  11:00 a.m.<br>Place: Foley Building, 3rd Floor |

    LENARD E. SCHWARTZER, Chapter 7 Trustee (the "Trustee"), moves this Court to approve the proposed Settlement and Compromise of Claims of the Bankruptcy Estate against Jeffrey Herman, Esq. ("Herman"). Subject to Bankruptcy Court approval, the Trustee has agreed to settlement of these claims in the exercise of his reasonable business judgment. Pursuant to the settlement, if approved by the Bankruptcy Court, Herman will pay the Bankruptcy Estate the amount of $5,000.00 and will waive any claims against the Estate, including his filed claim in the amount of $330,297.00, in exchange for the Trustee's general

1

release of claims against Herman. A mutual general release setting forth this agreement is attached hereto as Exhibit "A".

### Facts Relevant to Motion

1.  The Debtor, Michael F. Egan, III (the "Debtor" or "Egan") filed a petition under Chapter 7 of the Bankruptcy Code on November 18, 2015. The Schedule B filed by the Debtor lists as personal property contingent and unliquidated claims against Herman for "malpractice".

2.  Herman and his law firm, Herman Law, represented Egan with regard to his allegations of child sexual abuse. In particular, Egan alleged that he was sexually abused in the 1990's as a child by entertainment industry executives in a Hollywood sex ring.

3.  Egan more recently has alleged that Herman, who also represented other child victims of the sex ring, failed to adequately represent Egan's interests vis-à-vis the other client victims. Herman considers Egan's claims to be entirely frivolous. In fact, Herman states that he withdrew from his representation of Egan after discovering that Egan had misled him and made misrepresentations, which included material facts that led to Herman's agreement to represent Egan.

4.  Herman states that the Debtor's misrepresentations included the following:

    - Before Herman filed lawsuits on his behalf, the Debtor disclosed to Herman that he signed a document at the request of one of the alleged perpetrators. He informed Herman that he did not have a copy of this document, representing: "I am not sure exactly what it was but I believe it was a confidentiality agreement within that document as I recall it stated that I would not expose him of [sic] any of his abuse against me." See text message attached as "Exhibit "B". After filing the lawsuit,

Herman obtained a copy of the declaration signed and sworn by the Debtor, which represented something entirely different: that the alleged perpetrator had ". . . never been present when I was involved in any type of sexual conduct, never harassed me, never made sexually suggestive remarks to me and never acted improperly around me or toward me, on a personal or professional level." See Exhibit "C".

- The Debtor represented that he was sexually abused in 1999 in a private plane excursion to Hawaii, where he stayed at the Paul Mitchell estate with certain Hollywood industry executives. He failed to advise Herman, however, that in sworn deposition testimony in 2003 he stated that he never left the continental United States. Unbeknownst to Herman, the Debtor had previously been to see another lawyer to whom he disclosed the 2003 testimony. That lawyer, as a result, declined to represent the Debtor. In subsequently speaking to Herman, the Debtor failed to disclose the 2003 testimony, apparently in order to induce Herman to take his case. With this information concealed, Herman filed lawsuits in Federal court in Hawaii on behalf of the Debtor against the perpetrators of sexual abuse in Hawaii as alleged by the Debtor. Approximately one month after filing, Herman was first provided with a copy of the Debtor's 2003 deposition transcript.

- After conferences with the Debtor and with the Debtor's express consent, Herman dismissed the Hawaii cases, intending to pursue similar claims in California. The Debtor later misrepresented that he did not authorize this

strategy; yet on June 25, 2014, the Debtor send a text message to Herman stating approvingly that "it was a legal strategy to move to California." See Exhibit "D".

- The Debtor misrepresented that he had photographs and postcards proving his presence in Hawaii during the abuse. Despite repeated promises, he never produced such evidence.

5. Herman subsequently withdrew as counsel for the Debtor on his sexual abuse claims based on this misleading conduct and misrepresentations. Herman, his local counsel, and the Debtor were sued by two of the alleged perpetrators in separate cases filed in Federal court in Hawaii, alleging malicious prosecution and abuse of process. It is Herman's position that the Debtor fraudulently induced him to file the Hawaii lawsuits, causing him substantial damages relating to defense of those lawsuits.

6. Based on the foregoing, the value of the Debtor's claim, if any, is nominal and for nuisance purposes. The agreement of Herman to pay $5,000.00 and release any claims against the Estate, including his unsecured claim in the amount of $330, 297.00, in exchange for the full and complete general release of the Trustee's claims against him, without having to bear the costs of litigation, is thus beneficial to the Estate and reasonable.

## Argument

A.  **Legal Standard**

"On motion . . . and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). "The bankruptcy court has great latitude in approving compromise agreements." Woodson v. Fireman's Fund Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the trustee and the

creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1380-81 (9th Cir. 1986). The Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair and equitable:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Id. at 1381 (citations omitted).

The lack of probability of success in litigation, in particular, strongly supports settlement of the claims against Herman. The fairness and reasonableness of the proposed settlement is demonstrated here, especially considering the Debtor's fraudulent inducement to Herman and his misrepresentations.

## Conclusion

It is therefore respectfully requested that the Court approve the proposed settlement with Herman, and authorize execution and delivery of a mutual general release in the form attached hereto as Exhibit "A".

Dated: April 11, 2016

_____
Lenard E. Schwartzer, Trustee

DECLARATION OF TRUSTEE

I declare, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge, information and belief.

Dated: April 11, 2016

_____
LENARD E. SCHWARTZER

5

# EXHIBIT A

## MUTUAL GENERAL RELEASE

I, **LENARD E. SCHWARTZER**, as Chapter 7 Trustee for the Bankruptcy Estate of Michael F. Egan, III ("**TRUSTEE**"), for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, do hereby remise, release, acquit, satisfy, and forever discharge **JEFFREY HERMAN, ESQUIRE, HERMAN LAW**, and all of their attorneys, employees, agents, including any all of their representatives, directors and officers, successors, predecessors and affiliates, past and present (collectively the "Released Parties"), of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, rights, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, losses, derivative claims, attorneys' fees, court costs, expenses, claims and demands whatsoever, in law or in equity, which **TRUSTEE**, or anyone claiming by, through or under **TRUSTEE**, ever had, now has, or which any personal representative, successor, heir or assign or any, can, shall, or may have for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world through the date of execution of this Release, including without limitation, claims of Michael F. Egan, III that are property of the Bankruptcy Estate created by or through the filing of case no. BK-S 15-16493 ABL, United States Bankruptcy Court, District of Nevada.

I, **JEFFREY HERMAN, ESQUIRE** and **HERMAN LAW**, do hereby remise, release, acquit, satisfy and forever discharge **TRUSTEE** from any and all claims, actions, causes of action, suits, debts, attorneys' fees, costs and demands whatsoever, in law or equity, which they or anyone claiming by, through or under them, ever had, now has, or which any successor, heir or assign can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of these presents, including without limitation, the waiver, release and discharge of any and all rights to payment under the proof of claim they filed in the Bankruptcy Estate of Michael F. Egan III, in the amount of $330,297.00.

This is a full, complete and general release. This release may be executed in counterparts.

IN WITNESS WHEREOF, I have hereunto executed this General Release this ____ day of _____, 2016.

_____
Lenard E. Schwartzer, Chapter 7 Trustee for the Bankruptcy Estate of Michael F. Egan, III

STATE OF _____ )
COUNTY OF _____ )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared Lenard E. Schwartzer, to me known to be the person described in and who executed the foregoing instrument and who acknowledged before me that he executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this this _____ day of _____, 2016.

_____
Notary Public, State of _____

My Commission Expires:

_____ Personally known to me; or _____ Produced Identification: _____

**EXHIBIT "A"**

      IN WITNESS WHEREOF, I have hereunto executed this General Release this \_\_\_\_ day of _____, 2016.

                                                    _____
                                                    Jeffrey M. Herman on his own behalf and as President of Herman Law

STATE OF                     )
COUNTY OF                )

      I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared Jeffrey M. Herman, to me known to be the person described in and who executed the foregoing instrument and who acknowledged before me that he executed the same.

      WITNESS my hand and official seal in the County and State last aforesaid this this \_\_\_\_\_ day of _____, 2016.

                                                     _____
                                                   Notary Public, State of _____

My Commission Expires:

_____ Personally known to me; or _____ Produced Identification: _____

# EXHIBIT B

••ooo Sprint 🗢    3:57 PM    ⏷ ✳ 72% 🔋

&lt; Messages    **Jeff**    Details

redacted
redacted
redacted
redacted
redacted
redacted
redacted
redacted
redacted    Also on he prepared a document, I am not sure exactly what it was but I believe it was a confidentiality agreement within that document as I recall it stated that I would not expose him of any of his abuse against me. I did sign that document. I don't recall the date but it was years ago (early 2000's) Mike




EXHIBIT "B"

# EXHIBIT C

## DECLARATION OF MIKE EGAN

(Page 2 of 2)

redacted  has never been present when I was involved in any type of sexual conduct, never harassed me, never made sexually suggestive remarks to me, and never acted improperly around me or toward me, on a personal or professional level.

I declare under penalty of perjury under the laws of the State of California that this declaration is true and correct.

Executed this 6th day of November 2003, at _____

MIKE EGAN

EXHIBIT "C"

# EXHIBIT D

●●○○○ AT&T  LTE           1:13 PM              ⁕ 92% 🔋

❮ Messages (1)           **Mike**              Details

Wed, Jun 25, 6:23 PM

Did you issue out a press release about redacted talking about how I passed a polygraph and so forth but it was a legal strategy to move to California or did you just talk to them. redacted

redacted
redacted
redacted

Fri, Jun 27, 11:04 AM

redacted

Tue, Jul 1, 4:58 PM

                    Send

EXHIBIT "D"